GARDEN, JUDGE:
The claimant, who previously had been employed at the Guthrie Center in Kanawha County as an executive housekeeper, was transferred to Barboursville State Hospital on July 1, 1976, as a Teacher I, a part-time position. It was further established, by exhibit, that the employment was of a temporary nature, for a period of four months, and that the claimant was to work 28.8 hours per week. In addition, the claimant’s employment was extended an additional five months, expiring March 31, 1977, at a monthly salary of $586.00 (representing 71.9% of the full-time salary of $815.00 for the position which she held on a part-time basis).
On November 17, 1976, the claimant, feeling that her duties at Barboursville were becoming fewer, conferred with James Clowser, who at that time was the Deputy Director of Mental Health, about becoming employed at Barboursville on a full-time basis. Mr. Clowser was agreeable, and in the claimant’s presence he telephoned Dr. Glen T. Roberts, the Chief Personnel Officer for the Department of Health, and told him that it was his desire that the claimant be placed on full-time status as of December 1, 1976. Dr. Roberts, who testified at the hearing, confirmed this conversation and testified that he had told Mr. Clowser that there would be no problem if the claimant could be reached on the appropriate Civil Service register. Dr. Roberts testified that he then contacted George Pozego, Superintendent at Barboursville, and told him of Mr. Clowser’s request and that Mr. Pozego then initiated the necessary paperwork to bring about the full-time appointment of claimant from the Civil Service register.
*113 On December 1, 1976, the claimant, believing that she had attained full-time status, worked an eight-hour day, but on the following day during which she worked another eight hours, her supervisor, Violet Waggoner, questioned her about the number of hours she was working. Mrs. Waggoner advised the claimant that she had not been advised officially as to claimant’s full-time status, and the claimant suggested that Mrs. Waggoner check with Central Office for verification of claimant’s full-time status. The claimant continued to work on a full-time basis through December of 1976, but when she submitted her time sheet for that month, her supervisor, Mrs. Waggoner, refused to approve it and wrote the following notation on the sheet. “I refuse to sign this Time Sheet, as this employee is scheduled only to work 28.8 hours per week. She is working additional time on her own.” When this occurred, the claimant testified that she called Mr. Clowser’s office and was advised that notice as to her full-time status had been forwarded to Barboursville. Claimant continued to work on a full-time basis until January 27, 1977, when she received a letter from Superintendent Pozego that her employment would be terminated on March 31, 1977, and that until that time she would continue to work 28.8 hours per week as originally planned when her appointment was made. Claimant thereafter confined her working hours to 28.8 hours per week, and she admits that during her employment at Barboursville, she never received anything in writing officially stating that she was a full-time employee. Claimant is seeking an award of $458.00, which represents the difference in her total pay as a full-time employee during the months of December and January and what she did receive during that period as a part-time employee.
In explanation of this matter, Dr. Roberts testified that in December of 1976, all superintendents in the Department of Mental Health were requested to review their budgets relating to personal services to determine if it would be necessary to request a deficiency appropriation from the Legislature. Mr. Pozego’s projection developed that there would be insufficient monies to pay claimant past the month of March, 1977. Dr. Roberts also testified that as a result of Mr. Pozego’s original paperwork, approvals had been received from Civil Service *114 and from the Department of Finance and Administration in respect to claimant’s full-time status, but by this time the insufficiency of funds for personal services had become apparent, and Mr. Pozego therefore prepared the necessary papers to cancel claimant’s status as a full-time provisional employee. Dr. Roberts further testified that, although it was the intention of respondent to elevate claimant to that of a full-time employee, such elevation was in fact never carried out.
While we are critical of claimant’s voluntarily working on a full-time basis in December and January, when she had to be aware of some problem in obtaining official approval of her full-time status, she did devote a substantial amount of her time for which she has not been compensated. We believe that equity and good conscience require us to make an award covering these uncompensated working hours, and we therefore make an award in favor of claimant in the amount of $458.00.
Award of $458.00.